120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Selvin OSEGUERA-MASS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70335.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 1
 MEMORANDUM*
 
 
 2
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 3
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges
 
 
 4
 Selvin Oseguera-Mass, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's denial of his application for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a), 1253(h). Oseguera contends that the BIA's finding that he failed to establish past persecution or a well-founded fear of future persecution is not supported by substantial evidence. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 5
 We review factual findings underlying the BIA's asylum determination for substantial evidence, and will uphold the BIA's denial of asylum unless the alien shows that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 6
 To be eligible for asylum, an alien must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of persecution on account of political opinion, an alien must establish, among other things, an objectively reasonable fear that he will be persecuted "because of that political opinion." Elias-Zacarias, 502 U.S. 483; see also Sangha v. INS, 103 F.3d 1482, 1490-91 (9th Cir.1997) (stating that alien must establish "by direct or circumstantial evidence" that persecution was "on account of" alien's political opinion). An alien's refusal to join guerilla forces is not enough by itself to show that the persecutors acted "on account of" the alien's political views. See Elias-Zacarias, 502 U.S. at 482-83.
 
 
 7
 Here, Oseguera testified that while he was serving in the Honduran military, two of his friends from school attempted to recruit him to train other individuals in an anti-government group. He testified that his former classmates sought his help because of his friendship with them and because he had military training. After meeting with his friends on several occasions, Oseguera finally told them that he would not help them. His friends then told him that he was obligated to participate since he knew of their plans and that they would force him to help them.
 
 
 8
 The evidence does not compel a finding that Oseguera's former classmates chose to recruit him because of his political opinion. See Elias-Zacarias, 502 U.S. at 482-83. Rather, the evidence shows that they requested his help because of their friendship and because of Oseguera's military training. See Sangha, 103 F.3d at 1490-91 (holding that militant group acting in furtherance of its own goals in filling its ranks were not acting on account of alien's political opinion). Further, the threat to force Oseguera to participate was made because he knew of his former classmates' plans, not "on account of" his political opinion. See Elias-Zacarias, 502 U.S. at 483 (requiring alien to show fear of persecution because of his political opinion, "rather than because of his refusal to fight"). Accordingly, the BIA's finding that Oseguera has not established eligibility for asylum is supported by substantial evidence. See id. at 481.
 
 
 9
 Because Oseguera failed to establish eligibility for asylum, he also failed to satisfy the higher standard required for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3